IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LATEEFAH ASUBIARO | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:25-cv-4533 |
| | § | |
| v. | § | JURY |
| | § | |
| HANWHA OCEAN GLOBAL | § | |
| OPERATION CENTER, LLC | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW, LATEEFAH ASUBIARO ("Asubiaro" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint, complaining of HANWHA OCEAN GLOBAL OPERATION CENTER, LLC ("Hanwha" or "Defendant"), and for cause of action, would show as follows:

**I. INTRODUCTION**

1.     This employment discrimination action seeks back pay, front pay, compensatory damages, punitive/liquidated damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C §§ 2000e *et seq.* (Title VII) and 42 U.S.C. § 1981. Plaintiff Lateefah Asubiaro was discriminated against because of her race, color, and national origin. In addition, she was terminated in retaliation after she engaged in a protected activity.

**II. PARTIES**

2.     Plaintiff Asubiaro is a citizen of the United States and is currently a resident of Houston, Texas.

Page **1** of **8**

3. Defendant Hanwha Ocean Global Operation Center, LLC is a Texas Limited Liability Company. Its primary office is located at 580 Westlake Park Blvd., Suite 800, Houston, Texas 77079. It may be served with summons by serving its registered agent Corp. Service Company dba CSC-Lawyers, 211 East 7th Street, Suite 620, Austin, TX 78701.

## III. JURISDICTION AND VENUE

4. This action is brought under Title VII and § 1981. Accordingly, this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

5. The discrimination and retaliation were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. Specifically, at Hanwha's office located in Houston, Texas. *See* 28 U.S.C. § 1391(b)(2).

## IV. FACTS

6. Asubiaro was hired by Hanwha on or about January 8, 2025.

7. Hanwha is an "employer" as that term is defined in 42 U.S.C. § 2000e(a).

8. She worked at Hanwha's Houston, Harris County, Texas office location.

9. Asubiaro's title was Strategic Sourcing Manager and at all times applicable hereto, she was an exemplary employee, fully capable of performing her job.

10. Asubiaro is an African-American (Black) woman.

11. In approximately March 2025, Asubiaro was informed by a co-worker (Erica Hilliard, BF) that her position was going to be replaced by a Korean employee.

12. Hanwha is Korean-owned or a Korean-based company.

13. Asubiaro reported her concerns to management (Laurinda Tseng, AF). Specifically, she expressed concern that there was a plan to replace her based on race, color, or nationality (i.e.,

favoring a Korean employee over an American employee, or an Asian employee over a Black employee). Asubiaro expressed that preferential treatment on the basis of race, color, or national origin was discriminatory.

14.     After her report, Asubiaro was called into a meeting with Hanwha president Phillipe Levy (WM).

15.     During the meeting, Levy told Asubiaro that her performance was not what was expected at a Korean company. This was the first time Asubiaro had been told her performance was deficient in any way.

16.     Levy further stated that he could replace Asubiaro with "Koreans" who could "do the job quickly."

17.     After her meeting with Levy, Asubiaro reported Levy's "Koreans" comment to her manager and Hanwha's HR and sought guidance after experiencing discrimination based on race, color, and national origin.

18.     Shortly after her report, a protected activity, Asubiaro was terminated on July 11, 2025.

19.     Upon information and belief, the other Black employee (Erica Hilliard) was also terminated.

20.     Asubiaro prepared and filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission and received a "right to sue" letter thus satisfying all administrative prerequisites.

21.     As a direct and proximate result of Defendant's discrimination and retaliation, Asubiaro suffered damages in the form of lost pay and benefits (front and back), damage to her reputation, mental anguish, and loss of opportunity.

22.     Hanwha was aware of the protections afforded under Title VII and § 1981. Despite this knowledge, Hanwha engaged in a discriminatory practice (or practices) with malice or reckless indifference to the federally protected rights of Asubiaro.

## V. CAUSES OF ACTION

### RACE DISCRIMINATION UNDER TITLE VII (COUNT I)

23.     Asubiaro incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

24.     Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., makes it an "unlawful employment practice" to "discriminate against any individual ... because of such individual's race, color, religion, sex, or national origin."

25.     Defendant committed an unlawful employment practice when they discriminated against Asubiaro because of her African-American race or when her race was a motivating factor in its decision to discriminate.

26.     The discrimination included: (i) favoring Asian employees in treatment at work and promotional opportunity; and (ii) replacing or threatening to replace Asubiaro with an employee of a different race.

27.     Asubiaro suffered damages as a result of Defendant's unlawful employment practice(s).

28.     Defendant's violation was willful or done with reckless indifference to the federally protected rights of Asubiaro.

### COLOR DISCRIMINATION UNDER TITLE VII (COUNT II)

29.     Asubiaro incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

30.     Defendant committed an unlawful employment practice when they discriminated against Asubiaro because of her color (Black) or when her color was a motivating factor in its decision to discriminate.

31.     The discrimination included: (i) favoring non-Black employees in treatment at work and promotional opportunity; and (ii) replacing or threatening to replace Asubiaro with an employee of a different color.

32.     Asubiaro suffered damages as a result of Defendant's unlawful employment practice(s).

33.     Defendant's violation was willful or done with reckless indifference to the federally protected rights of Asubiaro.

**NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII (COUNT III)**

34.     Asubiaro incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

35.     Defendant committed an unlawful employment practice when they discriminated against Asubiaro because of her national origin or when her national origin was a motivating factor in its decision to discriminate.

36.     The discrimination included: (i) favoring Korean or Dutch employees in treatment at work and promotional opportunity; and (ii) replacing or threatening to replace Asubiaro with an employee of a different national origin.

37.     In addition, Asubiaro experienced hostile working conditions on account of her national origin.

38.     Asubiaro suffered damages as a result of Defendant's unlawful employment practice(s).

39.    Defendant's violation was willful or done with reckless indifference to the federally protected rights of Asubiaro.

## RETALIATION (COUNT IV)

40.    Asubiaro incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

41.    Asubiaro was terminated in violation Title VII's anti-retaliation protections when she was terminated for engaging in a protected activity. Specifically, when the reported, opposed, and complained of unlawful discrimination in good faith.

## § 1981 VIOLATION (COUNT V)

42.    Asubiaro incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

43.    Asubiaro's claim for recovery under Section 1981 is based upon 42 U.S.C. § 1981, which provides that all persons within the United States shall have the same right to make and enforce contracts and to the full and equal benefit of all laws as is enjoyed by white citizens.

44.    This law entitles a person of color to equal opportunity and treatment in employment.

45.    When an employer acts adversely against a person of color because of that person's race, the law has been violated and the person of color may file suit and recover damages.

46.    A person is also entitled to file suit and recover damages under Section 1981 for retaliation for opposing or reporting violations of Section 1981 *or for opposing or reporting any practice made unlawful by Title VII. See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209-10 (5th Cir. 2021).

47.     Asubiaro belongs to a protected group and experienced adverse treatment at work because of her race and color.

48.     The treatment and improper conduct was unwelcomed and offensive to Asubiaro.

49.     The conduct affected a term, condition, or privilege of employment at Hanwha.

50.     Defendant not only treated Asubiaro differently in violation of Section 1981, it retaliated against her in violation of Section 1981.

51.     Asubiaro suffered damages as a result of Plaintiff's violation.

52.     As to all Counts, where acts were committed by employees of the Defendant, the Defendant is liable under *respondeat superior*.

## VII. DAMAGES & OTHER RELIEF

53.     As a result of Defendant's conduct, Asubiaro seeks the following relief: (1) back pay, including, but not limited to, her salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary, bonuses, and benefits; (3) costs of court, expert witness fees, and attorneys' fees; (4) liquidated and/or punitive damages; and (5) other compensatory damages.

54.     Additionally, because Defendant's actions were committed maliciously, willfully, and/or with reckless indifference to Asubiaro's state and federally protected rights, Asubiaro is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

55.     Asubiaro is entitled to declaratory relief that a violation has occurred.

56.     Asubiaro is also entitled to equitable relief in the form of an injunction against future discrimination or retaliation.

## VIII. JURY DEMAND

57.     Asubiaro requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; front pay, including her salary, bonuses, and benefits; compensatory damages; punitive and/or liquidated damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Dated:  September 23, 2025

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
Attorney-In-Charge
State Bar No. 24077590
Fed. ID No. 1760723
12012 Wickchester Ln, Suite 330
Houston, TX 77079
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEYS FOR PLAINTIFF